STAN WARSHAW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warshaw v. Commissioner
Docket No. 15012-91
United States Tax Court
T.C. Memo 1992-401; 1992 Tax Ct. Memo LEXIS 423; 64 T.C.M. (CCH) 164; July 15, 1992, Filed *423 An appropriate order deying petitioner's motion for more definite statements will be issued. For Petitioner: William T. Holloran. For Respondent: Carmen M. Baerga. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. [1]
This matter is before the Court on petitioner's Motion for More Definite Statements, filed December 6, 1991, and respondent's Notice of Objection, filed December 26, 1991. Respondent determined deficiencies in petitioner's 1987 and 1988 Federal income taxes as follows: Year
Deficiency
Sec. 6653(b)
1987
$ 244,312
1988
187,885
$ 89,453
Additions to Tax
Year
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
Sec. 6661(a)
1987
$ 141,866
[1]
$ 60,578
1988
46,971
Respondent computed the deficiencies based upon the determination that petitioner failed to report constructive dividends from corporations known as Career Counseling Enterprises, Ltd. (Career) and Blairs Consulting Services,Ltd. (Blairs) in the amounts of $ 633,464.95 in 1987 and $ 651,281.12 in 1988. For the 1987 tax year, respondent also reduced petitioner's claimed medical and dental expense deduction by $ 1,924, included in income a refund of State income taxes in the amount of $ 655, and disallowed a deduction for contributions in the amount of $ 860. For the 1988 tax year, respondent also disallowed a deduction for contributions in the amount of $ 4,490. Petitioner resided in Boca Raton, Florida, at the time the petition was filed. In the years at issue, petitioner was the husband of Lori Geller-Warshaw. Petitioner and his wife filed joint Federal income tax returns for the 1987 and 1988 years. In paragraph 7 of the *425 answer herein, respondent contends that during 1987 and 1988, petitioner's wife was the 100-percent shareholder of Career and that as to Blairs she was the sole shareholder for the fiscal year ended February 29, 1988, and that she and her associate were the sole shareholders and equal owners for the fiscal year ended February 28, 1989. Respondent's pleading in paragraph 7 of the answer is that Career and Blairs were brothels and that petitioner's wife and her associate conducted a large scale prostitution business which provided petitioner and his wife and her associate with large amounts of moneys. Respondent contends that the moneys earned were not reported on the corporate returns or the personal returns of petitioner and his wife or the associate. Respondent contends that the gross receipts of Career were in the form of credit card payments, and that all such gross receipts were paid out as dividends to petitioner's wife who subsequently recorded them on the books and records of Blairs. Further, respondent alleges that Blairs' gross receipts were predominantly received in cash, that petitioner's wife and her associate skimmed substantial amounts of cash from Blairs, which *426 amounts represented either constructive dividends from the corporation or other income. In paragraph 7 of the answer, respondent specifies the amounts of Blairs' gross receipts, the amounts of unreported income for the years in issue, and also the amounts of cash which petitioner's wife skimmed from her brothels and which she and petitioner failed to report. Respondent also states that petitioner's extravagant living expenses were maintained by the money skimmed from his wife's business, and that petitioner was aware of the illegal nature of his wife's business. Respondent further contends that petitioner and his wife fraudulently and with the intent to evade taxes, filed false income tax returns for 1987 and 1988. Rule 51(a) provides that a party may move for a more definite statement before interposing a responsive pleading: "If a pleading to which a responsive pleading is permitted or required is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, * * *." Petitioner complains about paragraph 7 of respondent's answer, arguing that it fails to comply with Rule 36 concerning the form and content of the answer. Petitioner contends that *427 throughout paragraph 7 of the answer, respondent pleaded conclusions instead of facts and did not attempt to disclose or explain how the amount of unreported income was determined. Specifically, peititoner contends that respondent refers to his wife's "associate", but never identifies the "associate" by name, refers to "large amounts of moneys" which were not reported, but never pleads in detail the exact amount of cash received and how this amount was determined, and uses "broad brush" terms such as "extravagant". Respondent's allegations in paragraph 7 of her answer are neither vague nor ambiguous. In considering and denying a similar request for a more definite statement in , this Court set forth the "basic standard" to be used in determining whether a pleading should be made more definite: This standard is expressed in Rule 31(a) which provides that the "purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions." Paragraph 7 of respondent's answer to which petitioner's motion is directed clearly satisfies the "basic *428 standard" set forth in Rule 31(a). Paragraph 7 in its entirety gives "fair notice of the matter in controversy" and respondent's position with respect to fraud. See Rule 36(b) sets out the required form and content of an answer. It provides that the "answer shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which the Commissioner relies and has the burden of proof." The "ground" upon which respondent relies and as to which she bears the burden of proof is the addition to tax for fraud. Respondent's statement of the ground is clear and the facts in support thereof are set forth sufficiently for petitioner to frame his responsive reply. A motion under Rule 51(a) is not the proper procedure to be utilized to obtain the information sought by petitioner. . See also , explicitly stating that a motion for a more definite statement under Rule 51(a) "is not to be used merely to obtain a statement of the Commissioner's grounds or *429 the facts or theories upon which he relies." Petitioner will have an opportunity to request the information he seeks from respondent under the discovery rules of this Court. However, we express no opinion here as to what extent, if any, he would be entitled to obtain discovery of this information. An appropriate order denying petitioner's motion for more definite statements will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years in issue, except as otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the portion of the deficiency attributable to fraud.↩